IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case no. 2:07-cv-14583 |
| | ) | |
| v. | ) | Judge Robert H. Cleland |
| | ) | |
| ERIC D. PARRISH, individually and | ) | Magistrate Judge Mona K. Majzoub |
| d/b/a E P PROFESSIONALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the United States' Motion to Hold Defendant in Contempt (docket no. 9). For the following reasons, the Court will grant the motion and hold Defendant, Eric D. Parrish, in civil contempt for violating the Court's April 9, 2008 order.

### Findings of Fact

Based on the evidence submitted by the parties, the Court finds as follows:

1.    On April 9, 2008, the Court ordered Defendant to "produce to counsel for the United States, within fifteen days of this Order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom he prepared federal tax returns or claims for a refund since December 31, 2004."

2.    A copy of the Court's order was personally served on Defendant on April 29, 2008.

3.    Because Defendant had not provided a customer list to counsel for the United States as of June 11, 2008, counsel on that date requested that Defendant provide a customer list by June 20, 2008.

4.    Defendant has not provided a customer list to counsel for the United States.

**Conclusions of Law**

The Defendant has not complied with the Court's April 9, 2008 Order.  Based on the facts before the Court, the Court finds the Defendant to be in contempt.  "Civil ... contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co*., 336 U.S. 187, 191 (1949).  A district court has broad discretion in using its contempt powers to assure compliance with its orders.  *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  A party seeking civil contempt must prove, by clear and convincing evidence, that the defendant violated a court order.  *United States v. Conces*, 507 F.3d 1028, 1041-42 (6th Cir. 2007).  The order must be "definite and specific,"  with any ambiguities resolved in favor of the person charged with contempt. *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996).  The moving party does not have to show that the violation is intentional; contempt occurs whenever a party fails to comply with an order of the court, whether that failure is intentional or not. *McComb*, 336 U.S. at 191.  Once the United States has met its burden of showing that the non-moving party has violated the Court's Order, the non-moving party bears the burden of showing that compliance is impossible, and he is "obliged to make this showing 'categorically and in detail.'" *Conces*, 507 F.3d at 1043; *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The United States has satisfied its burden of showing that the Defendant, by failing to produce a customer list, has violated the Court's order.  The Defendant has not submitted any evidence of an inability to comply with the Court's order.  Therefore, the Court finds that Eric Parrish is in civil contempt.

The Court will impose a daily fine of $500 against the Defendant until the customer list is

provided to counsel for the United States as ordered. The Court finds that this amount is adequate to coerce the Defendant into purging his contempt. *See United States v. Work Wear Corp.*, 602 F.2d 110, 115 (6th Cir. 1979).

Should the Defendant fail to fully comply with the Court's April 9, 2008 order within seven days, the Court finds that incarceration of the Defendant is a necessary and adequate civil contempt remedy to coerce the Respondents' compliance. Incarceration is a valid civil contempt remedy once a party has been found in contempt with a prior court order. *See International Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 840-41 (1994); *Conces*, 507 F.3d at 1041-44. The Defendant will remain incarcerated until he fully complies with the Court's April 9, 2008 order and produces a customer list to counsel for the United States.

Therefore, upon consideration of the United States' Motion to Hold Defendant in Contempt and Brief in Support, and the accompanying declaration and exhibits,

**IT IS HEREBY ORDERED** that the United States' Motion to Hold Defendant in Contempt (docket no. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant shall pay to the Clerk of the Court the sum of $500 for each day, beginning with the date of this order, that the Defendant fails to provide a customer list to counsel for the United States. The Defendant may provide the customer list by overnight mail to Daniel Applegate, U.S. Department of Justice Tax Division, 555 4th St. NW, Suite 8921, Washington, D.C. 20001. The Defendant shall immediately notify the Court when a customer list has been provided, and the United States will immediately notify the Court when the customer list has been received and verified. If the Defendant fails to comply

within seven days of this order, the Court will order the incarceration of the Defendant until he fully complies.

**IT IS FURTHER ORDERED** that the Defendant shall pay the United States' costs and attorney's fees associated with bringing this motion.

DATED this 30th day of July, 2008

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 30, 2008, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522